UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LEANDER MOORE,

                              **Plaintiff,**

             **-against-**

COMMISSIONER OF SOCIAL SECURITY,

                            **Defendant.**

-----------------------------------------------------------------X

**16-CV-1713 (SN)**

**<u>OPINION AND
ORDER</u>**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 11/4/2016 __

**SARAH NETBURN, United States Magistrate Judge:**

       On March 3, 2016, pro se plaintiff Leander Moore brought an action under § 205(g) of

the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of his claim that the Social

Security Administration ("SSA") improperly reduced his Supplemental Security Income ("SSI")

benefits. On July 14, 2016, the parties consented to my jurisdiction for all purposes under 28

U.S.C. § 636(c). On September 16, 2016, the Commissioner of Social Security (the

"Commissioner") moved to dismiss the complaint for lack of subject matter jurisdiction pursuant

to Federal Rule of Civil Procedure 12(b)(1), alleging that plaintiff failed to exhaust

administrative remedies and that there has been no final decision of the Commissioner made

after a hearing on this issue.

       Moore did not request a hearing before an Administrative Law Judge after his initial

request for reconsideration was denied as untimely. As such, he has not exhausted his

administrative remedies and has not met the necessary standard for a waiver of the exhaustion

requirement. Therefore, the Commissioner's motion to dismiss the complaint is GRANTED.

## BACKGROUND

Leander Moore filed a claim for SSI benefits on February 26, 2010. He received a favorable determination from a senior attorney adjudicator on January 6, 2011, who found that Moore was disabled as of the date of his application. ECF No. 15-1, Ex. 1.

On February 7, 2015, the SSA notified Moore that his monthly SSI benefits would be reduced from $488.67 to $110.67 as of March 2015. The notice stated that the SSA was taking into account Social Security benefits of $378.00 monthly, which Moore began to receive in January 2015, and reduced his SSI benefits accordingly. ECF No. 15-1, Ex. 2. The total payment that Moore received from SSA remained unchanged, though instead of receiving the entire payment in SSI benefits, it was now divided between Social Security and SSI payments. Id. The notice advised Moore that he had "60 days to file an appeal in writing," and "[y]ou must have a good reason for waiting more than 60 days to file an appeal." Id. The notice also stated that "[t]he 60 days start the day after you received this letter. We assume you received this letter 5 days after the date on the letter." Id. Therefore, Moore's period for a proper request for reconsideration elapsed on April 12, 2015.

On April 17, 2015, Moore filed a request for reconsideration. ECF No. 15-1, Ex. 3. This request was untimely, as the period for filing such requests had elapsed five days previously. On April 30, 2015, the SSA sent Moore a notice that he was to report to the local field office in New Rochelle, N.Y. on May 15, 2015, to discuss his request. ECF No. 15-1, Ex. 4. Moore states that he went to the office on that date, and presents a stamped copy of this letter, stating that "May 15, 2015 is all that I received from the Administration by mail, or any other form of service." ECF No. 5, Ex. 5. The record is silent as to what Moore was told during his visit to the SSA office.

On June 24, 2015, the SSA sent a letter to Moore stating that "no evidence of good cause [was] submitted for late filing of reconsideration," and informing Moore that he had 60 days to request an ALJ hearing on this issue. ECF No. 15-1, Ex. 5. On July 22, 2015, Moore filed another untimely request for reconsideration, which was denied by notice dated August 24, 2015. ECF No. 15-1, Ex. 6. Though Moore alleges that he did not receive future correspondence from the SSA after May 15, 2015, the address on the June 24, 2015 letter and the August 24, 2015 letter is identical to the one on the prior notices, and it is the address on file with the Court. On March 3, 2016, Moore filed this action.

## DISCUSSION

### I.      Standard of Review

#### A.      Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a court must dismiss a complaint if it does not have subject matter jurisdiction over the claims asserted. When considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true all factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. Moses v. Colvin, No. 13-CV-2041 (LGS)(JCF), 2013 WL 5663071, at *2 (S.D.N.Y. Oct. 17, 2013). Additionally, where a plaintiff is proceeding pro se, courts in this "Circuit are instructed to construe the pleadings liberally." Guerra v. Comm'r of Soc. Sec., No. 12-CV-6750 (CS)(PED), 2013 WL 3481284, at *2 (S.D.N.Y. July 1, 2013) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)).

When considering a Rule 12(b)(1) motion to dismiss, a court is not limited to the face of the complaint and may consider evidence outside the pleadings. Phifer v. City of N.Y., 289 F.3d 49, 55 (2d Cir. 2002). The plaintiff has the burden of demonstrating the court's subject matter jurisdiction by a preponderance of the evidence. Id. (citing Makarova v. United States, 201 F.3d

110, 113 (2d Cir. 2000)); see also Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) ("[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.").

**B.      Exhaustion of Administrative Remedies and Judicial Review under the Social Security Act**

In general, a district court is vested with subject matter jurisdiction to review a Social Security claim only after the claimant has exhausted his administrative remedies and a final decision has been rendered by the Commissioner of Social Security after a hearing. See 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ."); 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any . . . tribunal . . . except as herein provided.").

The term "final decision of the Commissioner" is not defined in the Social Security Act and "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 767 (1975). The Commissioner's regulations require a claimant to complete an administrative review process to obtain a judicially reviewable decision. 20 C.F.R. § 416.1400(a). This process includes: (1) an initial determination, in which the SSA decides whether to grant benefits; (2) reconsideration, if the claimant wishes to contest the initial determination; (3) a hearing before an ALJ; and (4) Appeals Council review, if the claimant wishes to contest the ALJ's decision. Id.

"District Courts within the Second Circuit likewise routinely have required plaintiffs to exhaust their administrative remedies before seeking judicial review of Social Security determinations." Papadopoulos v. Comm'r of Soc. Sec., No. 13-CV-3163, 2014 WL 2038314, at

*3 (S.D.N.Y. May 15, 2014) (collecting cases). The exhaustion requirement is not, however, absolute. The requirement of a "final decision" has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency; and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted. Escalera v. Comm'r of Soc. Sec., 457 F. App'x 4, 5 (2d Cir. 2011) (summary order).

The exhaustion requirement can be waived by the Commissioner, or, in appropriate circumstances, by the Court. City of New York v. Heckler, 742 F.2d 729, 736 (2nd Cir. 1984). The Commissioner has not waived the exhaustion requirement in this case and urges that the complaint be dismissed for failure to exhaust administrative remedies. Courts look to the following factors to excuse failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiffs would suffer irreparable harm if required to exhaust administrative remedies." Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996). "[N]o one element is critical to the resolution of the [exhaustion] issue; rather, a more general approach, balancing the competing considerations to arrive at a just result, is in order." Id. (citing New York v. Sullivan, 906 F.2d 910, 918 (2d Cir. 1990).

## II.    Moore's Exhaustion of Administrative Remedies

Moore presented his objection to the SSA's benefit determination when he filed a request for reconsideration on April 17, 2015, even if such request was untimely given that he had a 60-day period to make such a request after receiving notice on February 7, 2015. Therefore, the jurisdictional, non-waivable requirement of § 405(g) has been met. Nevertheless, despite being given notice and opportunity, Moore did not properly appeal the June 24, 2015 or August 24, 2015 determinations denying his requests for reconsideration to an Administrative Law Judge,

nor did he seek review of an ALJ decision before the Appeals Council. See Moses, 2013 WL 5663071, at *2 ("Only after a plaintiff has completed these steps and obtained a decision from the Appeals Council will the decision become 'final' and potentially eligible for federal district court review.").

Additionally, Moore has not made a showing that the Court should waive the exhaustion requirement. His claim is not collateral to his demand for benefits; indeed, it is a demand that his SSI benefits be raised notwithstanding his receipt of Social Security income. Moore has also made no showing that exhaustion of his administrative remedies would be futile. An ALJ could have found that Moore had good cause for the untimeliness of his initial request for reconsideration. Nor would it necessarily be futile to ask the SSA to consider recalculating his benefits at this point; if his claim is rejected and he successfully exhausts his administrative remedies, he could seek judicial review at that point. Finally, Moore cannot make a showing of irreparable harm. In fact, the amount of his benefits was not reduced by the SSA on February 7, 2015; the notice just made clear that instead of receiving $488.67 monthly in SSI benefits, the $488.67 would be allocated as $378.00 in Social Security benefits and $110.67 in SSI benefits. Thus, Moore has suffered no harm from the SSA's decision, and, in any case, if he prevails through the administrative process, would be entitled to back benefits.

Nevertheless, the documents submitted by the parties plainly suggest that Moore was confused about the requirements of the Social Security Act. The complaint indicates that Moore viewed his visit to the SSA office in New Rochelle on May 15, 2015, as a "decision of the administrative law judge." Compl. ¶¶ 7–8, ECF No. 5. In his affirmation in opposition to the motion to dismiss, Moore once again refers to May 15, 2015 as the date of the "decision" in question. And he believes his request for reconsideration on July 22, 2015, was related to the

decision supposedly made on May 15, 2015. ECF No. 19. In fact, no decision was made on May 15, 2015, and the record is silent as to what exactly Moore was told by SSA staff on that day. Finally, Moore erroneously claims that the July 22, 2015 request was filed in a timely fashion because it was filed less than 60 "working days" after May 15, 2015, when the correct standard is calendar days. Id.

In considering whether good cause exists for filing a late request for reconsideration, the SSA is required by regulation to consider "(1) What circumstances kept you from making the request on time; (2) Whether our action misled you; (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review." 20 C.F.R. § 416.1411. To this end, the Social Security Handbook states that case managers "should work with a claimant to submit a written statement of 'good cause' for missing the 60 day deadline." Social Security Administration, Social Security Handbook, § 535 available at www.ssa.gov/OP_Home/handbook/handbook.05/handbook-0535.html. It does not appear from the record that the SSA properly advised Moore about submission of a good cause statement for his initial request for reconsideration, which was only five days late, despite his evident confusion about the procedural requirements of the Social Security Act.

Because Moore has neither exhausted his administrative remedies nor demonstrated his entitlement to a waiver of this requirement, the Court cannot remand the case to the SSA and shall grant the Commissioner's motion to dismiss. But the Court will include with its Order a notice from the New York County Lawyers Association (NYCLA), an organization that provides

free legal assistance to litigants with Social Security cases. Moore is encouraged to contact NYCLA to receive advice on how to utilize the administrative remedies provided for in the Social Security Act so that the SSA may render a final decision on the merits.

**CONCLUSION**

For the foregoing reasons, the Commissioner's motion to dismiss the complaint under Rule 12(b)(1) is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 14 and close this case.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge


DATED:      New York, New York
            November 4, 2016